IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GALINA OGEONE<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JUDGE NACINO<br><br>　　　　Defendant. | CIVIL NO. 13-00553 DKW-RLP<br><br>**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

**ORDER DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

Before the Court is Plaintiff pro se Galina Ogeone's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). For the reasons set forth below, the Court DENIES Plaintiff's Application as moot, and DISMISSES Plaintiff's Complaint with leave to amend. Plaintiff is GRANTED until **December 1, 2013** to file an amended complaint.

1

## **BACKGROUND**

On October 24, 2013, Plaintiff filed her Complaint and Application. The Complaint names as defendant Judge Edwin C. Nacino of the First Circuit Court, State of Hawaii. Although the Complaint is not entirely clear, Plaintiff brings her claim pursuant to 42 U.S.C. § 1983, alleging that Judge Nacino violated her federal rights in connection with a state court lawsuit, No. 12-1-3278-12 ECN. She claims that Judge Nacino accepted an untimely motion to set aside entry of default, and "initiated process-abuse of process, to set aside Entry of Default to help Defendant who was about to get default." Compl. ¶ 15. She also alleges that Judge Nacino "committed willful misconduct in office and conduct prejudicial to Plaintiff. On March 21, 2013, during the hearing Judge Nacino acted in ways that are considered unethical, violated the judge's obligations of impartial conduct, using the judge's office to obtain special treatment for his friend-defendant and provide personal favors to Defendant." Compl. ¶ 17. She further alleges that Judge Nacino accepted an untimely filed Notice of Removal. Compl. ¶¶ 18-20. The Complaint states that Judge Nacino "committed Judicial Malpractice and violated Plaintiff's civil rights in order to protect Defendant Yang who was about to get Default." Compl. ¶ 21. Plaintiff seeks "injunctive relief commanding defendant–Judge Nacino to VACATE Order to set aside Entry of Default." Compl. at p. 5.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Plaintiff is proceeding pro se, therefore, the Court liberally construes her pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).

Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, where the Court does not have federal subject matter jurisdiction, claims may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").

Upon review of the Complaint and documents attached thereto, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. First, to the extent Plaintiff seeks to collaterally attack orders or procedural rulings in the state court case, this federal court is without jurisdiction to review the state court's decisions. Plaintiff seeks "injunctive relief commanding defendant–Judge Nacino to VACATE Order to set aside Entry of Default." Compl. at p. 5. This Court, however, may not exercise appellate jurisdiction over state court decisions. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred

from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.

The *Rooker-Feldman* doctrine, however, does not apply to a general constitutional challenge that does not require review of a final state court decision in a particular case. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Plaintiff does not bring such a challenge here. Rather, this action is essentially an attempt by Plaintiff to have this Court review and overturn state court decisions. The Court is without jurisdiction to act upon such a request.

Additionally, to the extent Plaintiff seeks to enjoin ongoing state court case proceedings, the Court lacks authority to do so. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a

State court" unless such an injunction is (1) expressly authorized by Act of Congress, (2) necessary in the exercise of the federal court's jurisdiction, or (3) necessary to protect or effectuate its judgments.  28 U.S.C. § 2283.  The three exceptions to the Anti-Injunction Act are construed narrowly, and any doubts as to the propriety of a federal injunction are resolved in favor of letting the state action proceed.  *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (9th Cir. 1996).  The Court notes, however, that, to the extent Plaintiff alleges a violation of her federal constitutional rights pursuant to 42 U.S.C. § 1983, the Anti-Injunction Act does not apply.  *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

Finally, with respect to Plaintiff's claims against Judge Nacino, judicial immunity bars such claims.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages."  *Mireless v. Waco*, 502 U.S. 9, 11 (1991).  Even if judges act incorrectly or with improper motive, they are immune from suit for acts performed pursuant to their official functions.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he

took was in error, was done maliciously, or was in excess of his authority."). Plaintiff's claims that Judge Nacino improperly allowed other parties to file untimely documents and granted opposing parties' motions is clearly conduct undertaken in his judicial capacity.  Plaintiff's allegations challenge core judicial functions, such as presiding over proceedings, maintaining control over the case docket, and determining motions. *See In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).  Because all of the allegations against Judge Nacino relate to conduct undertaken in his judicial capacity as part of the state court case, they are barred by the doctrine of judicial immunity.

The Court understands that Plaintiff may be frustrated by the state court's rulings that she perceives to be unfair.  This Court, however, is without jurisdiction to intervene in the state court case, or to hear claims against a state court judge acting in his judicial capacity, and Plaintiff otherwise fails to state a claim for relief that this Court can grant.  Having screened the Complaint, the Court DISMISSES the Complaint and DENIES Plaintiff's Application as moot.  Plaintiff is GRANTED leave to file an amended complaint as follows:

If Plaintiff chooses to file a first amended complaint, Plaintiff must write short, plain statements identifying: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right;

(3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) the basis for this court's jurisdiction. *See Rizzo v. Goode,* 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person or entity that she names as a defendant.   If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."   The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.   Any cause of action not raised in the first amended complaint is waived.  *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's claims against Judge Nacino involving conduct undertaken in the judge's judicial capacity are DISMISSED WITH PREJUDICE.   The Court cautions Plaintiff that she may not re-allege these claims in any amended complaint.

## CONCLUSION

On the basis of the foregoing, the Court DENIES Plaintiff's Application as moot, and DISMISSES the Complaint.   Plaintiff is GRANTED

LEAVE TO AMEND her Application and her Complaint as set forth in this Order.

By **December 1, 2013**, Plaintiff must:

1. File the first amended complaint; and

2. Either file an amended application to proceed *in forma pauperis* or pay the filing fee.

Failure to comply with both of these requirements by **December 1, 2013** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAIʻI, November 5, 2013.



Derrick K. Watson
United States District Judge

-------------------------------------------------------------------------------------------------------
Galina Ogeone v. Judge Nacino; CV 13-00553 DKW-RLP; ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS